## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                            No. CR 07-1134 JB

LORENZO SALAZAR-PUENTE,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed August 23, 2007 (Doc. 16). The Court held a sentencing hearing on September 19, 2007. The primary issue is whether the Court should depart from the advisory guideline sentence because of the age of the prior state offense crime that is the cause of an enhancement in Defendant Lorenzo Salazar-Puente's offense level for this federal offense. For the reasons stated at the hearing, and for reasons consistent with these clearly stated, the Court grants Salazar-Puente's request in his sentencing memorandum for a sentence of 24 months and will not impose a fine, but will impose a special assessment of $100.00.

Salazar-Puente pleaded guilty to a single-count Complaint charging him with Reentry of a Removed Alien contrary to 8 U.S.C. § 1326(c) and 1326 (b). Salazar-Puente illegally reentered the United States after serving a lengthy sentence for rape in Tennessee in 1990. With a 3-level adjustment for acceptance of responsibility, the offense level is 21, and the criminal history category is II, producing a Guideline imprisonment range of 41 to 51 months. See Transcript of Hearing at

3:21-25 (taken Sept. 19, 2007).[1]

The Court adopts the factual findings and sentencing guideline applications contained in the Pre-Sentence Investigation Report. See Tr. at 9:3-6 (Court). Although the aggravated rape that Salazar-Puente committed in 1990 when he was twenty-one years old is a very serious crime, that offense is old, and there has been no other criminal activity by Salazar-Puente other than the reentry. See Pre-Sentence Investigation Report ("PSR") ¶ 20-23, at 5-6 (disclosed July 18, 2007). The Court has carefully studied the kinds of sentencing and ranges that could be imposed in this situation, as well as the Guidelines. If Salazar-Puente's offense level were enhanced at 12 levels instead of 16 levels because of the age of the rape conviction and because of his other criminal history, then the Guideline range would be between 27 to 33 months. If the offense level were considered 12 levels, and the Court had treated his criminal history as I rather than II, then the Guideline range would be between 24 and 30 months.

After careful consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), and taking into consideration other sentencing goals, the Court determines that the appropriate sentence is 24 months of imprisonment. Salazar-Puente received a lengthy sentence for the rape and served more than fourteen years for the crime. See PSR ¶ 22, at 6. A sentence of 24 months reflects the seriousness of the offense, but also takes into account its age and his more recent history. The Court believes that its variance from the policy in the Guidelines more effectively promotes the sentencing goals in 18 U.S.C. § 3553(a) than would the advisory guideline sentence, because it provides adequate deterrence and protects the public in light of the fact that Salazar-Puente has not exhibited a continuing pattern of violent criminal activity. The Court also believes the sentence is reasonable,

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

because it is sufficient without being greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Act.  Salazar-Puente is also placed on two years of unsupervised release.  A special condition is imposed that the Defendant not reenter the United States without legal authorization.  Therefore, consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant Salazar-Puente's request to sentence him to 24 months and not impose a fine.  The Court will, however, require him to pay a special assessment of $100.00.

**IT IS ORDERED** that the request in the Defendant's Sentencing Memorandum for a sentence of 24 months, and waiver of all fines and penalties, is granted in part and denied in part.  The Court will sentence Salazar-Puente to 24 months in the custody of the Bureau of Prisons and will not impose a fine.  The Court will, however, order Salazar-Puente to pay a special assessment of $100.00.

                                          _____
                                          UNITED STATES DISTRICT JUDGE

Counsel:

Larry Gomez
  Acting United States Attorney
Roberto D. Ortega
Rhonda P. Backinoff
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

James Baiamonte
Albuquerque, New Mexico

    *Attorney for the Defendant*